**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

v.

                  **22-CR-43 JLS**

**AARON S. MILLER,**

      **Defendant.**

---

### REPORT, RECOMMENDATION AND ORDER

This case was referred to the undersigned by the Hon. John L. Sinatra, Jr., in accordance with 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions.

### PRELIMINARY STATEMENT

The defendant, Aaron S. Miller ("the defendant"), is charged in an indictment along with a co-defendant with having violated Title 21 U.S.C. § 846. Dkt. #1. He has filed a motion wherein he seeks dismissal of this charge claiming that it "violates the Fifth Amendment Grand Jury Clause because it does not adequately specify the amounts attributable to each individual defendant and accordingly it mut be dismissed." Dkt. #45, p. 44, ¶ 101. The defendant also "seeks disclosure of the instructions provided to grand jurors [on this charge] to insure that the grand jury had

made the necessary individualized probable cause determinations regarding the essential element of quantity, based on accurate, sufficient instructions." Dkt. #45, p. 44, ¶ 101. The government has filed its response in opposition to this motion. Dkt. #59.

## DISCUSSION AND ANALYSIS

### A. The Sufficiency Of The Indictment

As stated by the Supreme Court of the United States:

> In Hamling, we identified two constitutional requirements for an indictment: "first, [that it] contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, [that it] enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." 418 U.S., at 117, 94 S.Ct. 2887.

*United States v. Resendiz-Ponce*, 549 U.S. 102, 108 (2007); *Hamling v. United States*, 418 U.S. 87, 117 (1974).

The Second Circuit Court of Appeals reiterated this principle wherein it stated:

> It bears recalling that "we have consistently upheld indictments that do little more than to track the language of the statute charged and state the time and place (in approximate terms ) of the alleged crime." United States v. Pirro, 212 F.3d 86, 100 (2d Cir.2000) (internal quotation marks omitted) (emphasis supplied). Indeed, "in an

> indictment for conspiring to commit an offense—in which the conspiracy is the gist of the crime—it is not necessary to allege with technical precision all the elements essential to the commission of the offense which is the object of the conspiracy." United States v. LaSpina, 299 F.3d 165, 177 (2d Cir.2002). Rather, "[a]n indictment is sufficient when it charges a crime with sufficient precision to inform the defendant of the charges he must meet and with enough detail that he may plead double jeopardy in a future prosecution based on the same set of events." United States v. Yannotti, 541 F.3d 112, 127 (2d Cir. 2008) (internal quotation marks omitted).

*United States v. Bout*, 731 F.3d 233, 240-241 (2d Cir. 2013); *United States v. Stavroulakis*, 952 F.2d 686, 693 (2d Cir.), *cert. denied,* 504 U.S. 926 (1992); *see also Russell v. United States*, 369 U.S. 749, 765-766 (1962).

The United States Supreme Court has also held that "an indictment valid on its face is not subject to challenge on the ground that the grand jury acted on the basis of inadequate or incompetent evidence" and that "an indictment returned by a legally constituted and unbiased grand jury, like an information drawn by the prosecutor, if valid in its face, is enough to call for trial of the charge on the merits.  The Fifth Amendment requires nothing more."  *United States v. Calandra*, 414 U.S. 338, 345 (1974); *Costello v. United States*, 350 U.S. 359, 363 (1956).

Therefore, the defendant's claim that Count 1 in the indictment violates the Fifth Amendment is totally without legal merit and it is recommended that his motion on this basis be denied.

### B. Instructions To The Grand Jury

As previously stated, "a presumption of regularity attaches to grand jury proceedings." *United States v. Leung*, 40 F.3d 577, 581 (2d Cir. 1994). The cloak of secrecy covering grand jury proceedings covers ministerial and procedural matters as well as substantive activities. Instructions to a grand jury, if any, fall into the category of ministerial and procedural matters. As a result, the defendant has failed to establish a legitimate basis for uncovering that cloak of secrecy as requested in his motion. *See United States v. Smith*, 105 F. Supp.3d 255 (W.D.N.Y. 2015). Therefore, it is recommended that his motion seeking production of instructions given to the grand jury in this case be denied in all respects.

It is hereby **ORDERED** pursuant to 28 U.S.C. § 636(b)(1) that:

This Report, Recommendation and Order be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report, Recommendation and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report, Recommendation and Order in accordance with the above statute, Fed.R.Crim.P. 58(g)(2) and Local Rule 58.2.

The district judge will ordinarily refuse to consider *de novo*, arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance.   See, e.g., *Patterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988). **Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Judge's Order.**   *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek, et al. v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 58.2 of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority."   **Failure to comply with the provisions of Rule 58.2, or with the similar provisions of Rule 58.2 (concerning objections to a Magistrate Judge's Report, Recommendation and Order), may result in the District Judge's refusal to consider the objection.**

DATED:    Buffalo, New York
          March 25, 2024

                                              */s/ H. Kenneth Schroeder, Jr.*
                                              _____
                                              **H. KENNETH SCHROEDER, JR.**
                                              **United States Magistrate Judge**

5