UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.                                                                22-CR-43 (JLS) (HKS)

AARON S. MILLER,

Defendant.

---

## DECISION AND ORDER

On or around March 24, 2022, a grand jury returned an indictment charging Defendant Aaron S. Miller and a codefendant with narcotics conspiracy in violation of 21 U.S.C. § 846. *See* Dkt. 1. The case has been referred to United States Magistrate Judge H. Kenneth Schroeder, Jr. to hear and determine, and report and recommend on, all pre-trial proceedings under 28 U.S.C. §§ 636(b)(1)(A) and (B). *See* Dkt. 3.

Before the Court are the outstanding aspects of Miller's omnibus pretrial motion, which was filed on September 8, 2023. *See* Dkt. 45. Miller requests (1) dismissal of Count 1 of the indictment; and (2) disclosure "of the instructions provided to the grand jurors on count 1 to ensure that the grand jury had made the necessary, individualized probable cause determinations regarding the essential element of quantity, based upon accurate, sufficient instructions." *See id.* ¶ 101.

On November 20, 2023, the government responded in opposition and cross-moved for reciprocal discovery. Dkt. 59. On March 20, 2024, Judge Schroeder

heard argument and, thereafter, issued an order "granting in part and denying in part" the "Omnibus Discovery Motion" as to Miller. *See* Dkt. 69. He reserved decision, however, on the issues set forth above. *See id.*

On March 25, 2024, Judge Schroeder issued a Report, Recommendation and Order ("R&R") addressing the outstanding issues. Dkt. 70. In particular, he recommends denial of Miller's "claim that Count 1 in the indictment violates the Fifth Amendment." *Id.* at 3. He further recommends denial of Miller's "motion seeking production of instructions given to the grand jury in this case." *Id.* at 4.

Miller objected to the R&R. Dkt. 73. He argues that "the indictment does not claim that each named defendant—individually—either participated in or could reasonably have foreseen that he or she entered in a legal agreement to distribute and possess with intent to distribute cocaine or cocaine base in an amount which triggers the mandatory minimum." *Id.* at 4. He further argues that "the indictment is silent regarding what, if any, individual quantity determinations were made by the grand jury regarding count 1." *Id.* The Government responded in opposition on June 3, 2024. Dkt. 75. Miller did not reply.

On dispositive motions, a district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(3). A district court must review *de novo* those portions of a magistrate judge's recommendation to which a party objects. 28 U.S.C. § 636(b)(1); 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(3). But a district court need not review

2

the recommendation of a magistrate judge to which no party objects. *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985).

This Court carefully reviewed the R&R, the objections briefing, and the relevant record. Based on that review, the Court accepts and adopts the recommendations in the R&R (Dkt. 70). As such, Miller's motions to dismiss Count 1 of the Indictment, and for disclosure of the grand jury instructions, *see* Dkt. 45, are DENIED.

The parties shall appear for a status conference before the undersigned on **June 21, 2024, at 9:00 a.m.** in the Chautauqua Courtroom, 8th Floor East, 2 Niagara Square, Buffalo, New York.

SO ORDERED.

Dated:    June 18, 2024
         Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE

3